### SAMPLE v. LONDON &c. INSURANCE CO.

1. DIRECTING VERDICT—POLICY OF INSURANCE.—In action to recover for a loss
under a policy of fire insurance, the defendant pleaded in bar a stipulation
in the policy, that no action should be maintained under the policy after
the expiration of twelve months from the date of fire. It being admitted
by the plaintiff at the trial that there was such a stipulation in the policy,
and that more than that time had elapsed before action commenced, the
trial judge, without further testimony and against the protest of plaintiff,
directed a verdict for defendant. *Held*, that this course was not according
to proper procedure, and that plaintiff should have been permitted to reply,
when, perhaps, he might have been able to prove waiver, estoppel, &c.

Before HUDSON, J., Edgefield, November, 1893.

This was an action by Mrs. E. B. Sample against the Lon-
dod and Lancashire Fire Insurance Company, of Liverpool,
England. The case came to this court on the following ex-
ceptions by plaintiff:

I. Because his honor erred in directing and instructing the
jury to find a verdict for the defendant. II. Because his
honor erred in deciding that an action on this insurance policy
issued April 6th, 1891, and the property covered thereby was

destroyed by fire May —, 1891, which policy provides that no action thereon shall be maintainable unless suit is commenced within twelve months next after the fire, is barred by the statutes of limitations, because suit thereon was not instituted within twelve months next after the fire. III. Because his honor erred in deciding that where a policy, as in this case, provides that the insurance company shall have sixty days notice and proof of loss within which to pay the loss, and the loss shall not become payable until sixty days after notice and proof of loss received by the company, that the twelve months limitations given the insured, this plaintiff, to bring her action in, began to run on date of fire and not at the end of the sixty days given to the company to settle in; whereas his honor should have held that the twelve months given the insured, the plaintiff, to bring her action in, did not begin to run until the sixty days given the company within which to pay the loss had expired, and that the plaintiff had twelve months within which to bring her action after disability removed and the expiration of the sixty days given the insurance company to settle in. IV. Because his honor erred in not allowing plaintiff to introduce evidence in her case, and in directing the jury solely on the record, to find for the defendant, without hearing any evidence whatsoever in the case.

*Mr. J. W. Thurmond,* for appellant.

*Messrs. Sheppard Bros.,* contra.

July 26, 1894. The opinion of the court was delivered by

MR. JUSTICE POPE. The plaintiff having entered into a contract with the defendant in April, 1891, whereby for a valuable consideration the defendant issued a policy of insurance, wherein the defendant agreed to pay to the plaintiff $250, in case a certain wooden building therein specified, should be destroyed by fire within the twelve months next ensuing the date of the contract, and the building in question having been destroyed by fire in May, 1891; on the 5th July, 1892, this action was commenced in the Court of Common Pleas for Edgefield County, in this State, to recover the loss. In her complaint is

stated the date of the contract, the loss by fire, and the refusal of the defendant to pay the loss. The answer of defendant admitted the contract, but denied plaintiff's right to recover upon several grounds, among which was that there was a stipulation in the policy that in case of loss by fire during period of insurance, no liability should attach to insurance company under its policy to issue unless action was brought within twelve months after date of fire. At the trial, before Judge Hudson and a jury, it having been admitted by plaintiff that it was stipulated in the policy that no liability would attach unless action was brought within twelve months after the date of the fire, and that the fire occurred in May, 1891, and the action was commenced on the 5th July, 1892, Judge Hudson, without any further proceedings, and against the protest of plaintiff, directed the jury to find a verdict for defendant in this form: "Under instructions of the court, we find for the defendant company that the action was begun more than twelve months next after the fire."

The plaintiff now appeals to this court on several grounds that will appear in the report of this case, but inasmuch as we deem that the first exception: "1. Because his honor erred in directing and instructing the jury to find a verdict for the defendant," raises squarely the only question under the "Case" for appeal properly before the court, we will confine our attention to that.

The consumption of unnecessary time in the trial of causes should be avoided. But in a case where the complaint does not set out the facts relied upon by the defendant, and such defendant for the first time presents such facts in the answer, the orderly administration of justice demands that the trial shall proceed in the usual way, by first allowing the plaintiff to introduce such proofs as its pleading may require, then hearing the defendant's testimony, then any reply by the plaintiff. Take this case as an illustration. Here the plaintiff did not set out in her complaint the facts relied upon by the defendant for its exoneration from liability under its contract with plaintiff. Such being the case, the plaintiff was not required to offer evidence as to the facts relied upon by

defendant. But when defendant's time to open arrived, then it should have proved that there was such a stipulation in the policy issued by it to plaintiff. And the plaintiff, in her reply, had the right to show, if she could, either that the testimony of defendant was untrue, or that the defendant had waived this stipulation as to twelve months limit to action against it, or that the conduct of defendant had estopped it from urging any such stipulation in its defence. The conduct of the Circuit Judge practically denied these rights to the plaintiff. Such conduct was error; being erroneous, a new trial must be ordered.

It is the judgment of this court, that the judgment of the Circuit Court be reversed and, that the action be remanded to the Circut Court for a new trial.