COPELAND v. WESTERN ASSURANCE COMPANY.

1. INSURANCE—LOSS—FORFEITURE.—In action to recover for loss under an insurance policy, the claim that plaintiff is debarred of his recovery by reason of his failure to comply with the requirements of the policy must be set up in the answer, and plaintiff is not bound to show his compliance or be nonsuited; nor is a nonsuit proper if non-compliance be shown by the testimony in chief, as plaintiff may show waiver or estoppel in reply.

Before TOWNSEND, J., Sumter, October, 1894.

Action by Samuel Copeland against the Western Assurance Company, commenced February, 1894.

*Messrs. Lee & Moise,* for appellants.

*Messrs. Purdy & Reynolds,* contra.

January 8, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY. This was an action on a policy of insurance for $1,000. The answer of defendant, among other things, interposed as a defence that the plaintiff failed to comply with the requirements of that clause in the policy of insurance commonly known as the "Iron-Safe Clause." Plaintiff offered in evidence the policy of insurance. During the introduction of plaintiff's testimony in chief, evidence was brought out to show that the plaintiff had failed to comply with the requirements of the policy set forth in the iron-safe clause. The plaintiff offered to introduce testimony to show that the defendant had waived its right to insist upon such requirement, but his honor, the presiding judge, ruled that such testimony was inadmissible. At the close of plaintiff's testimony, the defendant moved for a nonsuit, which was granted. The plaintiff appealed from such order.

During the progress of the trial on Circuit, a number of other questions were raised, and the rulings of the trial judge on them are made the grounds of other exceptions. The conclusion at which this court has arrived in regard to the order of nonsuit, renders it unnecessary to pass specifically on the other exceptions.

In the case of *Sample* v. *London Fire Insurance Co.*, 42 S. C., 14, Mr. Justice Pope, in delivering the opinion of the court, says: "The consumption of unnecessary time in the trial of causes should be avoided. But in a case where the complaint does not set out the facts relied upon by the defendant, and such defendant for the first time presents such facts in the answer, the orderly administration of justice demands that the trial shall proceed in the usual way, by first allowing the plaintiff to introduce such proofs as its pleading may require, then hearing the defendant's testimony, then any reply by the plaintiff. Take this case as an illustration. Here the plaintiff did not set out in her complaint the facts relied upon by the defendant for its exoneration from liability under its contract with the plaintiff. Such being the case, the plaintiff was not required to offer evidence as to the facts relied upon by the defendant. But, when defendant's time to open arrived, then it should have proved that there was such a stipulation in the policy issued by it to plaintiff. And the plaintiff, in her reply, had the right to show, if she could, either that the testimony of defendant was untrue, or that the defendant had waived this stipulation as to twelve months limit to action against it, or that the conduct of the defendant had estopped it from urging any such stipulation in its defence. The conduct of the Circuit Judge practically denied these rights to the plaintiff. Such conduct was error. Being erroneous, a new trial must be ordered."

Mr. Justice McGowan, speaking for the court in *Roach* v. *Kentucky &c. Co.*, 28 S. C., 431, says: "When the complaint alleges that the insured performed all that was incumbent on him to perform, and the defendant answers, denying performance in certain named particulars, all else needs no further proof, upon the principles of pleading. It has been held that

the burden of proving the truth of the statements of the assured in an application for insurance does not rest upon the insured or his representatives in an action on the policy, but that their untruth is matter of defence, to be pleaded and proved by the insurer;" citing an array of cases.

In the case of *Piedmont & Arlington Life Insurance Co.* v. *Ewing*, 92 U. S., 377, quoted from with approval in case of *Roach* v. *Kentucky &c. Co.*, the court says: "To establish the truth of the answers would, in many cases, require the party to prove a negative. * * * While it may be easy enough to prove the affirmative of one of these questions, it is next to impossible to prove a negative. The number of questions now asked of the assured in every application for a policy, and the variety of subjects, and length of time which they cover, are such that it may be safely said that no sane man would ever take a policy, if proof, to the satisfaction of a jury, of the truth of every answer, were made known to him to be an indispensable prerequisite to the payment of the sum secured—that proof to be made after he was dead, and could render no assistance in furnishing it. On the other hand, it is no hardship that, if the insurer knows or believes any of these statements to be false, he shall furnish the evidence on which that knowledge or belief rests. He can thus single out the answer whose truth he proposes to contest, and, if he has any reasonable grounds to make such an issue, he can show the facts on which it is founded." It is true, the last-mentioned case was one of life insurance, but there is no substantial reason why the rule there laid down should not apply in a case of fire insurance.

In the case of *Mars* v. *Virginia Home Insurance Co.*, 17 S. C., 514, one of appellant's exceptions was as follows: "Because his honor ruled that it was incumbent on the defendant to show fraud, although the plaintiff's complaint alleged that there was no fraud." In disposing of this exception, the court said: "Nor do we think that the rulings of the Circuit Judge as to the questions of fraud were erroneous. If fraud was involved in the case at all, it constituted a matter of defence, and was no part of the cause of action."

The following rules are deduced from the authorities: 1.

That where the defendant claims that the plaintiff has not a right of recovery on the policy of insurance, by reason of the fact that he failed to comply with the requirements of the policy, such objection must be set up in his answer to the complaint. 2. That where the defendant sets up a defence in his answer that the plaintiff is barred of his right of recovery on the policy of insurance, by reason of his failure to perform certain things therein required to be done on his part, it is not incumbent on the plaintiff to introduce testimony showing such performances by him, and, consequently, a failure to introduce such testimony does not entitle the defendant to an order of nonsuit. 3. That where the defendant sets up such defence in his answer, and the facts brought out during the introduction of plaintiff's testimony in chief, show that there has not been performance by the plaintiff of such requirements of the policy, still the defendant would not be entitled to an order of nonsuit, because such order would deprive the plaintiff of his right to show waiver or estoppel on the part of the defendant to make such objection.

It is the judgment of this court, that the order of nonsuit be set aside, and the case be remanded to the court below for a new trial.