## THE SPOOL COTTON CO. v. KING & TILLER.

PLEADINGS—ANSWER—PARTNERSHIP.—When a complaint alleges a partnership, and answer denies this paragraph, but admits that defendants are partners in a limited and special sense and in a limited line of business, and defendants' attorney admits that he did not mean to plead that defendants were limited parties in a technical sense, the allegation is admitted, and there being evidence tending to show that certain goods were bought by partnership and part returned to seller, it also tends to show a partnership for this line of trade.

Before KLUGH, J., Richland, April, 1903.    Affirmed.

Action in magistrate court by The Spool Cotton Co. against King and Tiller. From judgment for plaintiff, reversing magistrate, defendants appeal.

*Mr. D. W. Robinson,* for appellant, cites: *Answer does not admit partnership:* 32 S. C., 245; 27 S. C., 166; 17 S. C., 465; 1 Ency. P. & P., 804; 22 S. C., 557; 14 S. C., 321; 22 Ency., 2 ed., 60, 61, 64; Smith's Mer. L., 73; 4 Johns. R., 251; 76 N. C., 139; 19 Ency., 337. *Admission of testimony after ruling is within discretion of trial Judge:* 57 S. C., 294; 22 S. C., 560; Code Proc., 88, sub. 15. *And not reviewable on appeal:* 26 S. C., 190; 23 S. C., 602; 16 S. C., 378; 14 S. C., 627; 31 S. C., 312.

*Messrs. Barron & Ray,* contra, cite: *Any partnership not limited by statute is general:* 22 Ency., 60, 61. *Evidence may be admitted after argument:* 17 S. C., 527; 5 S. C., 465.

March 9, 1904. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action was brought in a magistrate's court for a balance alleged to be due plaintiff by defendants upon an account for goods, spool cotton, sold and delivered to defendants. The magistrate gave judgment in favor of defendants upon the ground that he found no testimony whatever as to partnership of the defendants, as alleged in the complaint. This judgment was reversed by the Circuit Court and the case remanded for a new trial; thereupon the defendants appeal to this Court.

The main question is whether the answer of the defendant is an admission of the allegation of the complaint as to the partnership. The second paragraph of the complaint alleges: "That J. B. King and W. H. Tiller, at the times hereinafter mentioned, were copartners trading as King & Tiller."

The answer of W. H. Tiller was as follows: "II. Denies each and all of the allegations contained in paragraphs II., III. and IV. of the complaint, except to admit that J. B. King and W. H. Tiller were partners in a special and limited sense and limited line of business, in April, 1901; this defendant denies any indebtedness to the plaintiff."

On the trial before the magistrate, the attorney for defendant stated that he did not mean to allege that defendants were partners in the limited sense alluded to in the statutes, Code, sections 1680 *et seq.,* but that they were partners in a limited sense as contemplated by the common law. Relying upon the admission in the answer and the statement of counsel for defendant, the counsel for plaintiff offered no further evidence of the second allegation of the complaint as to the partnership. The record before us does not show what testimony was offered in support of the other allegations of the complaint, but the magistrate's report states that counsel for

plaintiff introduced evidence which consisted entirely of depositions, and that defendants introduced no evidence, and that he, the magistrate, holding that there was an utter lack of proof as to the allegations of partnership, gave judgment against the plaintiff on this ground, without trying the case on its merits. We agree with the Circuit Court in construing the answer as admitting the fact of partnership. It is true, the admission is qualified by the statement that the partnership was in a limited line of business, but that is nothing more than could be said of any ordinary partnership. In 22 Ency. Law, 60, it is stated: "A general partnership may be defined as one where the business includes all transactions of a particular class, as where several persons agree to carry on as partners the business of bankers, grocers, etc. Practically all partnerships are limited to some extent, but they are, nevertheless, general partnerships. To constitute a general partnership, nothing more is necessary than that the parties agree to carry on or conduct a specified business, and to share in its profits and losses. The business may be of a general nature or it may relate and be confined to certain designated transactions. In either case, the partnership is general."

Whether the partnership admitted to exist was such as would embrace the buying of spool cotton within its limitations, was a matter of evidence, but when the plaintiff, as we must assume, offered evidence of the other allegations of the complaint, viz: that on the 27th day of April, the plaintiff sold and delivered to said defendants, at their request, spool cotton to the value of $102.30, and that on the 12th day of July, 1901, the defendants returned to the plaintiff a portion of these goods to the value of $34.27, that afforded some evidence that the goods ordered and received in the name of the partnership was within the scope of the partnership business.

We do not think the Circuit Court committed any error in remanding the case to the magistrate for a new trial.

This renders it unnecessary to consider the other exceptions.

The judgment of the Circuit Court is affirmed.