16340

**TREXLER v. McINTRYE** *ET AL.*
(58 S. E. (2d) 887)

470

*Messrs. James D. Walters* and *Walter F. Going, Jr.,* of Columbia, *for Appellants,*

*Mr. Samuel R. Preston,* of Columbia, *for Respondent,*

April 13, 1950.

FISHBURNE, Justice.

This action was brought by the plaintiff on an open account to recover the sum of $500.00, alleged to be due for tomato boxes ordered by and delivered to the defendants. By their answer, the defendants admitted that they owed the sum of $500.00 for the boxes in question, but alleged that this indebtedness was due to a partnership in which the plaintiff was a partner; and set up a counterclaim against the alleged partnership in favor of the defendant, R. C. McIntrye, in the sum of $545.99, for tires and tire service furnished to the plaintiff and her copartner. The plaintiff by her reply to the defendant's counterclaim, denied the existence of any such copartnership or indebtedness.

The case was submitted to the jury, and a verdict returned in favor of the plaintiff against the defendants for the full amount claimed, to wit: the sum of Five Hundred Dollars. The counterclaim was disallowed.

There is only one question raised by this appeal, and that has to do with the instructions given to the jury. Error is assigned because the trial judge charged the jury that a partnership may not exist unless the parties have a mutual interest in the capital invested.

The trial judge gave the following instruction with reference to partnership:

"At the outset I will say to you that there is very little law involved in this case. It is a case largely dependent upon the facts and the facts are something that I do not have anything to do with. They are exclusively within your province * * *.

"So now, Mr. Foreman and gentlemen of the jury, * * * I charge you that there are certain things that have to be existent in order for a relationship of partnership to be in existence, or to be a partnership. I am going to read you certain things in that connection, 'A business in which two are engaged, but having no mutual interest in the capital invested, and no stipulation for mutual loss, is not a copartnership.' 'The true test of a partnership is the existence of a communion of profits and losses. There cannot be a partnership without an agreement.' Of course, that agreement could be express or implied. It would not necessarily have to be in writing.' 'A person cannot be a partner unless he agrees to embark in the undertaking and to share in the profits and the losses.' "

From the foregoing charge, appellants extract the sentence —"A business in which two are engaged, but having no mutual interest in the capital invested, and no stipulation for mutual loss, is not a copartnership;" and argue that this definition placed upon appellants too great a burden in regard to the proof of partnership. The burden referred to is that it required the jury to find not only that the partnership agreement stipulated for a sharing in the profits and the losses, but also a mutual interest in the capital invested. It is contended that a partnership may exist without mutual interest in the capital investment, and that a person may contribute services only.

A definition of a copartnership, at once accurate, comprehensive, and exclusive is said to be insuperably difficult. 40 Am. Jur., Sec. 2, page 126. The difficulty arises in formulating a definition which will be equally applicable to disputes arising between parties who are alleged to be partners, and

controversies between alleged partners and creditors of the partnership.

A partnership has been variously defined. Chancellor Kent in his Commentaries, defines a partnership as "a contract of two or more competent persons to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business, and to divide the profit and bear the loss in certain proportions." 3 Kent's Commentaries, 23.

There is clear discussion on this phase of the law of partnership in *Price v. Middleton & Ravenel,* 75 S. C. 105, 55 S. E. 156, 157, in which the court approves the following from *Meehan v. Valentine,* 145 U. S. 611, 620, 12 S. Ct. 972, 36 L. Ed. 835: "In the present state of the law upon this subject, it may, perhaps, be doubted whether any more precise general rule can be laid down than, as indicated in the beginning of this opinion, that those persons are partners who contribute either property or money to carry on a joint business for their common benefit, and who own and share the profits thereof in certain proportions."

And the court stated that the foregoing definition "accords with the views expressed in the recent cases of *Providence Machine Co. v. Browning,* 68 S. C. 1, 9, 46 S. E. 550; *Id.* 72 S. C. 424, 427, 52 S. E. 117; *Spool Cotton Co. v. King & Tiller,* 68 S. C. 196, 198, 46 S. E. 1005, and other cases [of partnership]."

The most recent case in our reports on the subject is that of *Stephens v. Stephens,* 213 S. C. 525, 50 S. E. (2d) 577, in which many of the earlier South Carolina cases are cited. Among the cases cited, is *Chapman v. Lipscomb,* 18 S. C. 222, where it is stated that "the true test of a copartnership is that there must be a communion of profits and losses."

The substance of the foregoing quotation is contained in the charge given in this case by the trial judge to the jury,

as is the following quotation taken from the head note of *Lowry v. Brooks,* 2 McCord, 421 13 S. C. L. 421: "A business in which two are engaged, but having no mutual interest in the capital invested and no stipulation for mutual loss is not a copartnership."

It is likewise stated in the case of *Price v. Middleton & Ravenel,* 75 S. C. 105, 55 S. E. 156, 158: "When the contract provides for all the incidents of partnership, contribution to the common property, sharing of profits, mutual agency in the conduct of the business, it will be held to create a partnership, though there is no expressed intention to that effect    *    *    *."

We think it obvious, when the charge of the trial court is read and considered as a whole, that it is in accord with the views expressed in the foregoing cases. As was well said in *Price v. Middleton & Ravenel, supra,* "A particular review of the many cases on this subject would not be profitable, for each case depends largely on its peculiar facts." The record before us contains merely a summarized statement of the pleadings, and no testimony at all. It does not appear whether the alleged partnership was created by contract, express or implied. Under these circumstances, it is not possible for us to say whether or not the trial court covered all the issues presented by the pleadings and the evidence. We assume, in the absence of such record, that nothing was overlooked.

Upon the completion of the instruction given by the court, counsel for appellants were asked if they desired any further instructions and they replied in the negative.

Applicable here is the rule stated in the case of *Coleman v. Lurey,* 199 S. C. 442, 20 S. E. (2d) 65, 66: "We have likewise repeatedly sanctioned the sound principle that while the constitution requires that judges 'shall declare the law', (Art. V, Sec. 26), this simply means that the judge shall state the controlling principles of law applicable to the case in the light of the pleadings and the

evidence, even if no request is presented by counsel for either party; but that if any elaboration thereof, or a charge on some specific phase, is desired, counsel must bring the matter to the attention of the court or it will be deemed to have been waived. An excellent statement of this rule, supported by many South Carolina cases cited in the footnote, is the following from 64 C. J., 838-841: 'It is a rule of very general application that, if instructions given are correct as far as they go, but are deficient merely because of their generality or failure to reach all points in the case, a party desiring additional instructions to be given must make a request therefor. As was said in an early decision in which Justice Story wrote the opinion, it is sufficient that the court has given no erroneous directions. "If either party deems any point presented by the evidence to be omitted in the charge, such party may require an opinion from the court upon that point; if he do not, it is a waiver of it." '

"Moreover, this rule is especially applicable where, as in the case at bar, the trial judge inquired at the conclusion of his charge to the jury as to whether counsel desired any additional or more specific instructions. See the recent case of *Williams v. Southeastern Life Insurance Company*, 197 S. C. 171, 14 S. E. (2d) 895, and the cases therein cited."

Judgment affirmed.

STUKES, TAYLOR and OXNER, JJ., and L. D. LIDE, A. A. J., concur.

BAKER, C. J., not participating.