### PROVIDENCE MACHINE CO. v. BROWNING.

1. PARTNERSHIP—EVIDENCE.—A conversation between two partners as to taking in a third in his absence is irrelevant on the issue whether such third person were a member of the partnership.
2. HARMLESS ERROR—IBID.—Exclusion of evidence is rendered harmless by admission afterwards of evidence of like import.
3. CONTRACTS—IBID.—Whether a party consented to the variation of a contract by express terms involves a question of fact and a contracting party may testify as to whether he so consented.
4. PARTNERSHIP—CHARGE.—Portion of charge excepted to construed in connection with the whole charge properly states that there cannot be a partnership without an agreement, express or implied.
5. PRINCIPAL AND AGENT—CHARGE.—An agent appointed to rent land and do anything he pleased with it has no authority to make his principal a member of a partnership. Statement of facts in relation thereto in charge is not a charge on the facts.
6. CHARGE—Failure to charge a proposition in absence of request therefor is not error.
7. NEW TRIAL.—Motion for new trial on ground that the uncontradicted evidence showed that defendant was a partner, and that verdict was contrary to charge of Judge, properly refused.
8. IBID.—GUARANTY.—There being no testimony tending to show an agreement of the parties upon a new and valuable consideration to extend the time for the performance of the contract or that the notes were received in extinguishment of the debt otherwise than as contemplated in the original contract of guaranty, a new trial should have been granted, as the rule that taking new negotiable paper from the debtor *prima facie* discharges the guarantor, is displaced by the understanding of the parties at the time of the transaction.
9. REHEARING refused.

Before WATTS, J., Laurens, January term, 1905. Reversed.

Action by Providence Machine Co. against M. E. Browning *et al.* From judgment for defendant, plaintiff appeals.

*Messrs. N. B. Dial* and *F. P. McGowan,* for appellant, cite: *The guaranty is an absolute engagement to pay the debt:* 68 S. C., 13. *Verdict contrary to charge should be set*

*aside:* 68 S. C., 51; 16 S. C., 1. *Promoters of corporations may be liable as partners:* 10 Cyc., 269.

*Messrs. Ferguson & Featherstone* and *H. J. Haynesworth,* contra. The former cite: *Mrs. Browning cannot be bound by statements of her brother in her absence:* 28 S. C., 144. *If specific instructions are desired requests should be made:* 36 S. C., 65; 41 S. C., 124. *Verdict of jury fixes facts:* 12 S. C., 609.

This opinion was filed June 30, 1905, but remittitur stayed until

October 7, 1905. The opinion of the Court was delivered by

MR. JUSTICE GARY. Upon the third trial of this case, the jury rendered a verdict in favor of the defendant, Mrs. M. E. Browning. The facts of the case are fully set out in the opinions of the Court upon the former appeals, reported in 68 S. C., 1, 46 S. E., 550, and 70 S. C., 148.

The first exception is as follows: "I. Because his Honor, Judge Watts, erred in excluding the testimony offered at the trial by the plaintiff, as follows: striking out or excluding the following statement of L. W. C. Blalock, a witness for the defendant, on cross-examination: 'Q. Had you any conversation with your father about the mills? A. Yes, sir, I told him my idea about building a mill, and he wanted me to make a larger mill. Told me if I would make it a 10,000 spindle mill, he would help me if I took sister in.' The object of the testimony being to show the conduct of James and L. W. C. Blalock, two of the partners, in projecting the enterprise on the plan of associating Mrs. Browning as a partner. The error being in excluding circumstantial evidence bearing upon the formation and identity of the members of the partnership of the Goldville Manufacturing Company." Mrs. Browning was not present when the conversation took place, and the testimany was, therefore, irrelevant. Furthermore, it tended to

show that she was not a member of the partnership at the time of the conversation.

The second exception is as follows: "II. Excluding the testimony of L. W. C. Blalock, a witness for the defendant, on cross-examination, as to the management of Mrs. M. E. Browning's land at Goldville, and the disposition of her land, crops and material in connection with organizing, building and equipping the cotton mill of the Goldville Manufacturing Company. The object of the testimony being to show that Mrs. Browning's property, with her knowledge and consent, was applied to the organization, building or equipping of the Goldville Manufacturing Company. The error of the exclusion being to prevent the plaintiff from showing the existence of a silent or a dormant partner, by contribution to the capital stock." Testimony substantially the same as that mentioned in the exception, was afterwards introduced in evidence, without objection, and, really, the facts do not seem to have been in dispute. Under these circumstances there was no prejudicial·error.

The third exception is as follows: "III. Excluding the testimony of L. W. C. Blalock, a witness for the defendant, on cross-examination, as to how much stock Mrs. Browning was to have in the corporation of the Goldville Manufacturing Company. The object being to show the relation of Mrs. Browning to the partnership, by her relation to the company; upon the principle of connection between effect and cause. The error being prejudicial·in excluding circumstantial evidence tending to show her relation to the partnership." His Honor, the presiding Judge, permitted the introduction of the testimony for the purpose which the appellant contended rendered it admissable.

The fourth exception was abandoned.

The fifth exception is as follows: "V. In excluding the testimony of L. W. C. Blalock, on ·cross-examination, as follows: 'Q. What was the indebtedness of the corporation' (Goldville Manufacturing Company)? The object of the

testimony being to show the amount of debts at the time of incorporation and the identity of projectors of the corporation who contracted debts. The error being the exclusion of circumstantial evidence relating to the partnership." The question arose as follows: "Q. I believe you said a while ago, the Goldville Manufacturing Co. went through bankruptcy—don't you know the Goldville Manufacturing Co. was sold? A. Yes, sir. Q. So that corporation is not now in existence at all? A. No, sir. Q. What was the indebtedness of that corporation?" The question had reference to the indebtedness at the time of its bankruptcy, and not to indebtedness at the time of incorporation as set out in the exception.

The sixth exception is as follows: "VI. In permitting Mrs. Browning, as a witness, to answer the following question, against plaintiff's objection: 'State whether or not you consented to the variation of this contract, if there was a variation?' The error being the assumption of the existence of an issuable question of law and not of fact, and propounding to the witness a question of law and not of fact." Consent may be given in express terms, or it may be implied from facts and circumstances. The question evidently related to the giving of consent in express terms, and this involved a question of fact.

The seventh exception was abandoned.

The eighth exception is as follows: "VIII. Because his Honor, Judge Watts, erred in charging the jury as follows: 'If there was no agreement between Mrs. Browning and Mr. Blalock, as alleged in the complaint; if there was no mutual agreement to embark in an undertaking, and if she did not agree to enter into a contract with them and go into business with them and share profits and losses, then she was not a partner.' The errors being, (a) that there was an allegation of a partnership agreement in the complaint; (b) that it left the impression upon the jury which was prejudicial, that it was necessary to the status of partnership that a mutual agreement should be entered into

between the parties specifically stipulating that they should go into business and share the profits and losses as between them; (c) that while such specific and express agreement would constitute partnership, such a status could exist between two or more persons without any agreement to that effect, as by contributing labor, capital or skill to some lawful undertaking for the common benefit of the persons interested." There cannot be a partnership without an agreement, express or implied. Furthermore, that part of the charge mentioned in the exception must be construed in connection with the entire charge, which shows that there was no error.

The ninth exception is as follows: "IX. He erred in charging the jury as follows: 'But if she simply turned a plantation or a house or anything of that sort over to him to let him rent it or collect the rent, or anything of that sort, then she could not be bound by anything that he did which was in excess of the authority. If Mrs. Browning was owner of a tract of land and did not give Mr. Blalock authority more than to take charge and rent the land out or to do what he pleased, and that was the extent of his authority, then she could not be bound by anything he did for her, other than within the scope of that authority. You cannot make any one a partner against their will.' The errors being, (a) a charge upon the facts, or in respect to matters of fact proven in the case, in violation of art. V., sec. 26, of the State Constitution, and making an hypothetical statement of a part of the testimony in the case and drawing a conclusion therefrom that Mrs. Browning was not a partner, in regard to the use of her lands, products and materials by her agents, L. W. C. and Jas. S. Blalock, in contributing to the capital stock of the Goldville Manufacturing Company." The charge contained a correct proposition of law, and the statement of the facts therein mentioned was not prejudicial to the appellant.

The tenth, eleventh and twelfth exceptions merely assign error in the failure to charge the propositions therein mentioned, and cannot be sustained, for the reason that there was no requests to charge.

The thirteenth exception is as follows: "XIII. Because his Honor erred in refusing plaintiff's motion for new trial: (a) in that the verdict was against the testimony and unsupported by it, both as to the alleged partnership and as to the guaranty. The testimony of the defendant showed that Mrs. Browning's money, land, products and material contributed to the capitacl stock of the partnership before the corporation was formed; the documentary evidence, the guaranty, notes and settlement sheet, all showed that the parties did not contemplate a change or release of the guarantor's liability for the debt; (b) the verdict was manifestly against the weight of the evidence both as a partnership and the guaranty; because the verdict was manifestly against the charge of the presiding Judge when the uncontradicted testimony showed that Mrs. Browning's land, money, products, and materials were used in building and equipping the plant of the Goldville Manufacturing Co. for the common benefit of the Blalock family—the presiding Judge charged that the contribution of labor, capital or skill to a lawful undertaking constituted relation to partnership. The presiding Judge charged that (c) a jury should find for the plaintiff if there was no agreement of the parties upon a new and valuable consideration to extend the time of the performance of the contract, or unless there was an agreement or understanding of the parties that the notes were received in extinguishment or satisfaction of the debt, and there was no such testimony, and only one inference could be drawn from the testimony, and that inference was that the notes were received as security for the debt and that the account was credited by the notes, or that they were received by the plaintiff 'in payment' of the debt as stipulated by the parties in the guaranty."

In so far as the exception assigns error in the refusal to

grant a new trial on the ground that the uncontradicted testimony showed that Mrs. Browning was a partner, and that the verdict of the jury was against the charge of the presiding Judge, it cannot be sustained, because, 1st, the facts mentioned in the exception were susceptible of more than one inference, and 2d, because there was other testimony tending to show that Mrs. Browning was not a partner.

We will next consider whether there was error in refusing the motion for a new trial, on the ground that there was no testimony tending to show an agreement of the parties upon a new and valuable consideration to extend the time for the performance of the contract, or that the notes were received in extinguishment or satisfaction of the debt, otherwise as contemplated in the original contract. The defendant in her answer set up as a defense that the notes materially changed the terms of the original contract, by extending the time of payment, and also as a defense that the notes were accepted in satisfaction of the indebtedness created by the guaranty. There was no testimony whatever tending to prove the facts which the former opinion (70 S. C., 148,) showed were necessary to sustain the first defense. But the fact that there was no testimony tending to establish the first defense would not entitle the plaintiff to a new trial if there was testimony tending to sustain the other defense, as the verdict would be referred to the latter defense. The defendant contends that the words "in settlement," used in the letter and statement, furnish evidence of an intention to extinguish the indebtedness created by the guaranty.

The guaranty was as follows: "Whereas, the Goldville Manufacturing Co., Goldville, S. C., have purchased machinery from Providence Machine Co., Providence, R. I., amounting to $9,104.52, payable one-half cash; one-fourth in six months; one-fourth in twelve months; deferred payments to be secured by bankable notes bearing interest at six per cent. per annum. We hereby agree to indorse the said notes, and should the Goldville Manufacturing Co. fail to pay for the said machinery on terms of contract made

between themselves and Providence Machine Co., dated July 30th, 1900, or shall fail to pay any notes when due which are given in payment; we, the undersigned, do hereby bind and obligate ourselves, jointly and severally, each with the other and the Providence Machine Co., to make good and pay to Providence Machine Co. the amounts which may be due them in accordance with the contract above mentioned.

"Goldville Manufacturing Co., per J. S. Blalock.
"J. S. Blalock, L. W. C. Blalock, M. E. Browning.
"Goldville, S. C., Sept. 7th, 1900."

The letter and statement were as follows:

"Providence, R. I., May 6, 1901.

"Goldville Manufacturing Co., Goldville, S. C.—Gentlemen: Two notes duly to hand. Enclosed please find statement in settlement. The item of $81.94 is for interest on $4,552.26, or one-half of account from due date January 12th to May 1st, date of notes (would refer you to your letter of April 22). We trust you will find it correct.

"Yours truly,         W. C. Pierce, Treas."

"Providence, R. I., May 1, 1901.

"Goldville Manufacturing Co. to Providence Machine Co., Dr.

"Terms cash.    Office 564 Eddy street.

1900.    For account rendered.
Dec. 12, For merchandise, per bill rendered. ... ....$9,104 52
1901.    Cr.
Jan. 31, by cash. ... ... ... ... ... ... ... ... ... ... ... ... ... 4,552 26

                                              $4,552 26
108 days interest from Jan. 12th to May 1st. . . . .    81 94

                                              $4,634 20
May 6, by note May 1, 6 mos. . . . . . . . . ... .,. .. ... .  2,317 10
     By note May 1, 12 mos. . . . ... ... ... ... .,.. 2,317 10

"Settled as above May 6, 1901.            $4,634 20
        "Providence Machine Co., by F. Pierce."

This Court, in delivering the opinion upon the former hearing (reported in 70 S. C., 148), used this language: "Merely construing the language of the warranty, it is manifest that the parties did not contemplate that the giving of the notes 'in payment' of the indebtednesss should be 'in settlement' of the liability resting upon the obligors under the terms of the warranty. Therefore, if the words 'in settlement,' in the letter and statement, were used in the sense of the word 'payment,' as intended by the parties in the guaranty, then they do not show that the plaintiff intended to release the defendant from her obligation as a guarantor. Whether the words were so used, presents a question of fact for the jury." The words "in payment" used in the guaranty, and the words "in settlement," mentioned in the letter and statement, are of similar import and meaning. It was, therefore, incumbent on the defendant to establish the fact that the words in the letter and statement were used in a different sense from similar words in the guaranty. She, however, failed to introduce any testimony tending to prove this fact.

The defendant also contends that the acceptance of the notes was *prima facie* evidence of an intention to extinguish the liability existing under the guaranty. Ordinarily, when a creditor takes new negotiable paper from the debtor, the guarantor is *prima facie* discharged, but the understanding of the parties at the time of the transaction will of course prevail. 27 Enc. of Law, 491; *Morse* v. *Ellerbe,* 4 Rich., 600. When, however, there is an agreement looking to the execution thereafter of negotiable notes, and notes, in form such as the parties contemplated, are delivered, the presumption is that they were intended to carry into effect the terms of the original contract, and it is incumbent on the party contending otherwise, to show that they were delivered for a different purpose. The guaranty in this case contemplated the giving of negotiable notes as additional security, and the presumption is that the notes were so intended. In this case the burden rested upon the defendant to rebut the presump-

tion.   After careful examination of the record, we are unable to find any testimony tending to prove the facts necessary to establish the second defense.

As there was no testimony tending to sustain either defense, it was error to refuse the motion for a new trial.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.

October 7, 1905.   PER CURIAM.   After careful consideration of the petition for a rehearing, the Court is satisfied that no material question of law or of fact has either been disregarded or overlooked.

It is, therefore, ordered, that the petition be dismissed and that the order heretofore granted staying the remittitur be revoked.