SMITH v. SMITH.

1. PRACTICE—WAIVER.—Does a defendant waive his right to move that the complaint be made more definite and certain by answering?
2. FINDING OF FACT, that defendant was not aggrieved by alleged irrelevant or redundant matter in the complaint, affirmed.
3. REMEDY—PLEADING—EQUITY—ALIMONY.— Action for alimony is an equitable one, and the portions of the complaint which defendant moved to strike out as irrelevant, redundant, and evidentiary, held not to be of that character, but necessary allegations to complete the history of the case, and to be proven.
4. ALIMONY—CAUSE OF ACTION.—Allegations of desertion, and of desertion and cruelty, may properly be united in one cause of action for alimony.

Before WATTS, J., Chesterfield, January, 1897.    Affirmed.

Action by Caroline Smith against George W. Smith, on the following complaint:

I. That on the 27th day of December, A. D. 1895, in the county and State aforesaid, she was duly and legally

married to the defendant, George W. Smith.    II. That at
the time of such marriage, and at times hereinafter men-
tioned, both this plaintiff and the defendant were, and are
now, domiciled in and actual inhabitants of Chesterfield
County, S. C.    III. That since the said marriage, except
at the times hereinafter mentioned, the defendant and this
plaintiff lived together as husband and wife, but they have
had no children born to them by such marriage.    IV. That
for some time after the said marriage this plaintiff lived hap-
pily and peacefully with the defendant, and he had her
confidence and devotion.    That subsequently, about two
years after said marriage, plaintiff paid a brief visit to her
grand-children, the children of G. C. Cassidy, a son of plain-
tiff by a former marriage, and when she returned to her
home the defendant abused and cursed her, and thereupon
the defendant left and deserted her, remaining away for
several months.    That then, when defendant had expressed
sorrow for his conduct, and had promised to conduct him-
self as a dutiful husband should, and had asked forgiveness
for the wrongs which he had done her, plaintiff, acting on
these promises, and believing that he was truly sorrowful
for his conduct, consented that he should return to her
home, where he was always welcome, so long as he con-
ducted himself as a dutiful husband should.    V. That after
he had returned to her home, and had remained there for
some time, he asked plaintiff to make him a deed to the
land upon which she lived, and which was then owned by
her, but she refused to do so.    That thereupon the defend-
ant refused to do any further work on the premises, which
were used for agricultural purpose, and threatened to pull
down the fences which had been put upon said premises.
That defendant then abused and cursed plaintiff, and left
and deserted her, staying away from plaintiff's home several
months.    That after remaining away for some time, the de-
fendant expressed sorrow for his conduct, and asked for-
giveness for same; and after making most solemn promises
of amendment and good treatment, she consented for him

to return to her home, and he did so return and remain for a while. That at various other times defendant has wantonly outraged plaintiff's feelings as a woman by gross insulting language which he has used to her and of others in her presence, and has threatened not only to strike plaintiff, but to kill her. That on one occasion, since the said marriage, the Rev. Mr. Rushton spent the night at plaintiff's home, and the defendant violently abused and cursed plaintiff because she provided breakfast for Mr. Rushton, and cursed and abused him in her presence after he left; that the defendant has repeatedly left and deserted plaintiff since their marriage, and made no provision for her support and sustenance, although he was abundantly able to do so; but each time, except at the times hereinafter mentioned, after making most solemn promises of amendment and good treatment, and expressing his regret for his conduct toward her, she consented that he should return to her home; but the promises, on faith of which she consented for him to return, were each time broken. That finally, some time about the month of March, 1891, after abusing and cursing plaintiff, the defendant left and deserted her, and has done nothing toward her support and sustenance since that time, although he is abundantly able to support himself and plaintiff in comfort, and she has been compelled to work for her own support, except what was given her by G. C. Cassidy, a son of plaintiff by a former marriage, who is a man of very limited means. VI. That plaintiff has always conducted herself as a dutiful wife should, and has always tried to make the defendant's home life happy, so long as he remained with her, and it is through no fault of hers that defendant could not live quietly and happily with her. VII. That plaintiff is now getting quite advanced in years, and she is without property, and almost wholly dependent upon her son, G. C. Cassidy, for a support. VIII. That defendant is a man of means, doing a good business, and possessed of ample, sufficient property to support himself and plaintiff in the greatest comfort.

IX. That on the 6th day of November, 1894, the premises owned and occupied by this plaintiff were sold at public sale, pursuant to an order of Court, and at said sale the defendant, George W. Smith, became the purchaser of same. That plaintiff was residing on said premises, and continued to reside thereon until some time during the month of September, 1896. That on the 1st day of August, 1896, on hearing the affidavit of George W. Smith, the defendant herein, his Honor, Judge R. C. Watts, issued a rule against this plaintiff, to show cause why she should not be adjudged in contempt of Court, in not yielding possession of the premises then occupied by this plaintiff, the same having been purchased by the defendant, George W. Smith, under foreclosure proceedings. That on the 31st day of August, 1896, the plaintiff having made return to said rule, his Honor, Judge R. C. Watts, on motion of W. F. Stevenson, Esq., attorney for George W. Smith, ordered, that this plaintiff, Caroline Smith, "do yield possession of said tract of land within fifteen days from the date of said order; and unless she does so yield possession to said George W. Smith, that the sheriff of Chesterfield County do dispossess her, and put the said George W. Smith in possession of said tract of land." X. That in obedience to said order of Court, she was compelled to and did yield possession of said tract of land which had been her home, and since that time, being without money or means, she has been compelled to rely upon her son, G. C. Cassidy, who is unable to support her properly, he being a poor man, with a family of his own. Wherefore, plaintiff prays judgment: (1) That she be protected in living separate and apart from her husband, the defendant herein, and that he be restrained from in anywise disturbing or interfering with her. (2) That the defendant be required to pay to plaintiff as alimony an adequate and suitable amount of money for her support and maintenance, at such fixed and stated periods, and in such amounts of money, as may by the Court be adjudged proper, and also that the defendant be adjudged to pay all the costs, ex-

penses, and charges of the proceedings necessary to obtain the relief herein prayed. (3) For such other and further relief as to the Court may seem fit and proper.

The defendant moved to strike out many portions of the complaint (which are specifically covered by the exceptions), upon which the following Circuit decree was made:

On hearing the motion of the defendant by his attorneys, W. F. Stevenson and E. J. Kennedy, to strike out certain parts of the complaint herein as redundant, irrelevant, and surplusage, and the further motion to separate and to state separately two alleged causes of action, and elect on which cause of action plaintiff will proceed, after argument for and against the motions, and on consideration of the same, it is ordered, adjudged, and decreed, that the said motions be refused and overruled. It does not appear that the defendant moving to strike out certain portions of the complaint is aggrieved thereby, nor that there are two causes of action jumbled together in the same paragraph of the complaint. It is further ordered, that this notice and this order be filed with the clerk of Court of Common Pleas for this county.

From this order the defendant appeals on the following exceptions:

1. Because his Honor erred in holding that the plaintiff had not attempted to state two causes of action in the complaint, one on account of alleged desertion, and one on account of cruelty, and in further holding that the plaintiff had not jumbled and blended these different causes of action all together in the same paragraph of the complaint.

2. Because his Honor erred in overruling the defendant's motion to compel the plaintiff to state her two alleged causes of action separately.

3. Because his Honor erred in not compelling the plaintiff to state her two causes of action in separate and distinct divisions of the complaint, when it appeared on the face thereof that she had stated two causes of action, one on account of cruelty and the other on account of desertion, and

that they were both jumbled and blended together in the same paragraph of the complaint, and were not separately stated.

4. Because his Honor erred in holding that one of the several paragraphs, sentences and parts of sentences in the complaint which the defendant moved to strike out, contained relevant and material statements of facts constituting plaintiff's alleged causes of action, and in further holding that none of these paragraphs, sentences and parts of sentences, which the defendant moved the Court to strike out, were statements of irrelevant, immaterial, redundant, evidentiary or surplusage matter, and he further erred in refusing to strike them or any of them out.

5. Because his Honor erred in holding that the defendant moved that plaintiff be required to elect on which cause of action he would proceed, as no such motion was ever made, and the record shows no such.

6. Because his Honor erred in holding that the second paragraph of the complaint was not a statement of irrelevant, surplusage, and redundant matter, and in refusing to grant the defendant's motion to strike it out.

7. Because his Honor erred in holding that the third paragraph of the complaint was not a statement of irrelevant, surplusage, and redundant matter, and in refusing to strike the same out on the defendant's motion.

8. Because his Honor erred in refusing to strike out the first four lines of the written complaint, which was as follows: "That for some time after the said marriage, this plaintiff lived happily and peacefully with the defendant, and he had her confidence and devotion;" and he further erred in holding that this statement was not irrelevant, redundant, and surplusage matter to any possible issue that could be raised by the pleadings.

9. Because his Honor erred in refusing to strike out from the fourth paragraph of the complaint the following words, to wit: "That subsequently, about two years after the said marriage, plaintiff paid a brief visit to her grand-children,

the children of G. C. Cassidy, a son of plaintiff by a former marriage, and when she returned to her home, the defendant abused and cursed her, and thereupon left and deserted her, remaining away for several months;" for the reason that said allegations contain no statement of any facts constituting plaintiff's alleged causes of action, or tending to state the same, but, at the most, is only probative and evidentiary matter, and the same was, therefore, irrelevant, immaterial, and redundant allegations.

10. Because his Honor erred in refusing to strike out from the fourth paragraph the following words, to wit: "That then, when defendant had expressed sorrow for his conduct, and had promised to conduct himself as a dutiful husband should, and had asked forgiveness for the wrongs which he had done her, plaintiff, acting on these promises, and believing that he was truly sorrowful for his conduct, consented that he should return to her home, where he was always welcome so long as he conducted himself as a dutiful husband should," for the reason that these allegations do not state any facts constituting plaintiff's alleged causes of action, but are allegations of irrelevant, immaterial, redundant, and evidentiary matters.

11. Because his Honor erred in refusing to strike out from paragraph five of the complaint the following words, to wit: "That after he had returned to her home, and had remained there for some time, he asked her to make him a deed to the land upon which she lived, and which was then owned by her, but she refused to do so; that thereupon the defendant refused to do any further work on the premises, which were used for agricultural purposes, and threatened to pull down the fences which had been put upon the premises;" for the reason that these allegations do not state any facts constituting plaintiff's alleged causes of action, but are allegations of irrelevant, immaterial, redundant, and evidentiary matters.

12. Because his Honor erred in refusing to strike out from the fifth paragraph of the complaint the following

words, to wit: "That defendant then abused and cursed
plaintiff, and left and deserted her, staying away from
plaintiff's home for several months;" for the reason that
said allegations do not state any facts constituting plaintiff's
alleged causes of action, but are merely allegations of irrel-
evant, immaterial, redundant, and evidentiary facts.

13. Because his Honor erred in refusing to strike out
from paragraph five of the complaint the following words,
to wit: "That after remaining away for some time, the de-
fendant expressed sorrow for his conduct, and asked for-
giveness for same;" for the reason that said allegations do
not state any facts constituting plaintiff's alleged causes of
action, but are mere allegations of irrelevant, immaterial,
redundant, and evidentiary matters.

14. Because his Honor erred· in refusing to strike out
from paragraph five of the complaint the following words,
to wit: "That on one occasion since the said marriage, the
Rev. Mr. Rushton spent the night at plaintiff's home, and
the defendant violently abused and cursed plaintiff because
she provided breakfast for Mr. Rushton;" for the reason
that said allegations do not state any facts constituting
plaintiff's alleged causes of action, but state only irrelevant,
immaterial, and redundant matter or evidentiary facts.

15. Because his Honor erred in refusing to strike out
from paragraph five of the complaint the following words,
to wit: "and cursed and abused him (Mr. Rushton) after he
left;" for the reason that said allegations do not state any
facts constituting plaintiff's alleged causes of action, but
are allegations of irrelevant, immaterial, and redundant
facts or evidentiary matters.

16. Because his Honor erred in refusing to strike out
from paragraph five of the complaint the following words,
to wit: "That the defendant has repeatedly left and deserted
plaintiff since their marriage, and made no provision for
her support and sustenance, although he was abundantly
able to do so, but each time, except at the times hereinafter
mentioned, after making most solemn promises of amend-

ment and good treatment, and expressing his regret for his conduct toward her, she consented that he should return to her home;" for the reason that these allegations do not state any of the facts constituting plaintiff's alleged causes of action, but are allegations only of irrelevant, immaterial, and redundant matter, or statements of evidentiary facts.

17. Because his Honor erred in refusing to strike out from paragraph five of the complaint the following words, to wit: "except what was given her by G. C. Cassidy, a son of plaintiff by a former marriage, who is a man of very limited means;" for the reason that these allegations do not state any of the facts constituting plaintiff's alleged causes of action, but are allegations of irrelevant, immaterial, and redundant matters.

18. Because his Honor erred in refusing to strike out the sixth paragraph of the complaint, for the reason that the allegations contained in said paragraph were immaterial, irrelevant, and redundant matter.

19. Because his Honor erred in refusing to strike out from the seventh paragraph of the complaint the following words, to wit: "and almost wholly dependent upon her son, G. C. Cassidy, for a support; "for the reason that these allegations do not state any of the facts constituting plaintiff's alleged causes of action, but the same are allegations of immaterial, irrelevant, and redundant facts.

20. Because his Honor erred in refusing to strike out from the ninth paragraph of the complaint the following words, to wit: "That on the 6th day of November, A. D. 1894, the premises owned and occupied by this plaintiff was sold at public sale, pursuant to an order of Court, and at said sale the defendant, George W. Smith, became the purchaser of the same. That plaintiff was residing on said premises, and continued to reside thereon until some time during the month of September, 1896;" for the reason that these allegations do not state any of the facts constituting plaintiff's alleged causes of action, but are allegations of

immaterial, irrelevant, and redundant matters, upon which no issue can be raised material to this cause.

21. Because his Honor erred in refusing to strike out from the ninth paragraph of the complaint the following words, to wit: "That on the 1st day of August, 1896, on hearing the affidavit of George W. Smith, the defendant herein, his Honor, Judge R. C. Watts, issued a rule against this plaintiff to show cause why she should not be adjudged in contempt of Court, in not yielding possession of the premises then occupied by this plaintiff, the same having been purchased by the defendant, George W. Smith, under foreclosure proceedings. That on the 31st day of August, 1896, this plaintiff having made returns to said rule, his Honor, Judge R. C. Watts, on motion of W. F. Stevenson, Esq., attorney for George W. Smith, ordered that this plaintiff, Caroline Smith, do yield posession of said tract of land within fifteen days from the date of said order, and unless she does so yield possession to said George W. Smith, that the sheriff of Chesterfield County do dispossess her and put the said George W. Smith in possession of said tract of land;" for the reason that these allegations do not state any facts constituting plaintiff's alleged causes of action, but contain only allegations of irrelevant, immaterial, and redundant matters.

22. Because his Honor erred in refusing to strike out the tenth paragraph of the complaint, for the reason that the allegations therein contained are irrelevant, immaterial, and redundant allegations.

23. Because his Honor erred in refusing to compel the plaintiff to make her complaint more definite and certain, by so reforming her complaint as to make it clear whether her action was for alimony, both on the ground of desertion and cruelty, or on the ground of desertion only.

24. Because his Honor erred in holding that the defendant was not aggrieved by the allegations of the complaint which he had moved to strike out, where said allegations were irrelevant, immaterial, and redundant.

*Messrs. Stevenson & Matheson* and *E. J. Kennedy*, for appellant, cite: *Complaint should be more definite:* 24 S. C., 39: 34 S. C., 270; 29 S. C., 130; 10 Rich. Eq., 173; 2 Johns Ch., 163; 4 Paige, 92; 11 Paige, 166; 12 How. Pr., 289. *Motion to strike out:* 4 DeS., 560; 2 Jones & Sp., 57; 42 How., 166; 11 Abb., 450. *Grievance:* Code, 181; 18 S. C., 473.

*Messrs. W. P. Pollock* and *Edward McIver*, conta, cite: *Primary right and wrong may be very complicated:* 27 S. C., 623; 30 S. C., 111; 49 S. C., 95; 10 Grants Ch., 565. *Alimony, equitable action:* 1 McC. Eq., 197; 10 Rich. Eq., 172; 24 S. C., 380. *All circumstances should be alleged:* 10 Rich. Eq., 426, 177; 24 S. C., 380; 4 DeS., 33, 79, 167; 5 DeS., 560; 10 Rich. Eq., 103, 426; 1 Rich. Eq., 289; 49 S. C., 95. *Construction of pleading:* Code, 180; 12 S. C., 1; 12 S. C., 576; 25 S. C., 123.

July 13, 1897. The opinion of the Court was delivered by

MR. JUSTICE GARY. In order to understand clearly the facts of this case, it will be necessary to set out in the report of the case the complaint, the notice of motion, the order of his Honor, Judge Watts, and the exceptions to the said order.

The exceptions raise practically but three questions, to wit: 1st. Was there error on the part of the Circuit Judge in refusing to strike out various allegations in the complaint because they were irrelevant, redundant, evidentiary, and mere surplusage? 2d. Was the Circuit Judge in error in refusing to require the plaintiff to set forth clearly whether the action was for alimony on the ground of desertion, or on the ground of both desertion and cruelty, and thus make the complaint definite and certain? 3d. Was the Circuit Judge in error in refusing to require the plaintiff to state separately the alleged cause of action for desertion, and the alleged cause of action for cruelty?

After the filing of the order aforesaid the defendant

served an answer to the said complaint. Rule 20 of the Circuit Court is as follows: "Motions to strike out of any pleading matter alleged to be irrelevant or redundant, and motions to correct a pleading on the ground of its being 'so indefinite or uncertain that the precise nature of the charge or defense is not apparent,' must be noticed before demurring or answering the pleading, and within twenty days from the service thereof." The defendant would not have had the right to make the motion hereinbefore mentioned after answering the complaint, and it would seem that he waived his right to appeal from said order, by serving his answer to the complaint. *Woodward* v. *Williamson*, 39 S. C., 333; *Bowden* v. *Winsmith*, 11 S. C., 409.

But waiving such objection, we will consider the question upon its merits. Section 181 of the Code provides: "If irrelevant or redundant matter be inserted in a pleading it may be stricken out on motion of any person aggrieved thereby * * *." The Circuit Judge found as a fact that the defendant was not aggrieved by the allegations of the complaint which the appellant moved to strike out. The burden of proof was on the moving party to show that he was aggrieved, but no testimony other than the pleadings was introduced to show that he was aggrieved. This Court concurs in the finding by the Circuit Judge, that it did not appear that the defendant was aggrieved by the aforesaid allegations of the complaint.

But there is another reason why the exceptions raising this question cannot be sustained. This action is equitable in its nature. *Prather* v. *Prather*, 4 DeS., 33; *Rhame* v. *Rhame*, 1 McC. Ch., 197; Pom. Eq. Jur., vol. 3, sec. 1120. Pom. Code Rem., sec. 527, says: "The differences in form between legal causes of action and remedies on the one side and equitable causes of action and reliefs on the other, have been described and need not be repeated. By virtue of these inherent differences, the material facts which must be alleged in an equitable suit are

often in their nature and effects quite unlike the 'issuable' facts which constitute a legal cause of action. In the legal action the issuable facts are few, in the equitable suit the material facts upon which the relief depends, or which influence and modify it, are generally numerous, and often exceedingly so; in the former, they are simple, clearly defined, and certain; in the latter, they may be and frequently are complicated, involved, contingent, and uncertain. * * * The legal cause of action so completely rests for its existence upon the issuable facts, that if any one of them when denied fails to be established by proof, the plaintiff's entire recovery is defeated thereby, a result which is recognized by all the judicial decisions as involved in the very definition of a legal issuable fact. An equitable cause of action *may* undoubtedly rest in like manner upon a given number of determinate facts. In general, however, as has already been fully explained, facts may exist material to the recovery in a certain aspect, or in a certain contingency, or to a certain extent, and which, therefore, enter into the cause of action, but which are not indispensable to some kind or measure of relief being granted to the plaintiff. These facts if established will determine the character, extent, and completeness of the remedy conferred by the Court; but if they are not established, the remedy is not thereby wholly defeated—it is only in some particulars modified, limited or abridged. Since these classes of facts assist in determining the nature, amount and details of the relief to be awarded, they, in part at least, constitute the cause of action, within the true meaning of the term, and must be alleged. * * * A distinction inheres in the nature of the causes of action, and from this distinction the facts material to the recovery in an equitable suit may be numerous, complicated, affecting the right of recovery, partially instead of wholly modifying rather than defeating the remedy, if not established; but still they are the *material* facts constituting the cause of action, and not mere details of evidentiary or probative matter." The allegations which the defendant moved to

strike out constituted a part of the history of the case, and were important in determining the relief to which the plaintiff was entitled. Upon the trial of the case the plaintiff will be restricted in his testimony to proof of the facts alleged in the complaint, and instead of the allegations, to which the defendant objects, aggrieving him, they may work to his advantage, as they inform him beforehand upon what issues the case will be tried. Pom. Code Rem., sec. 551, says: "An allegation is irrelevant when the issue formed by its denial can have no connection with nor effect upon the cause of action." It cannot be said that the allegations of the complaint which the defendant moved to strike out have no connection with nor effect upon the plaintiff's cause of action, and the exceptions raising this question are overruled.

We will next consider the question whether the Circuit Judge was in error in refusing to require the plaintiff to set forth clearly whether the action was alimony on the ground of desertion, or on the ground of both desertion and cruelty. The complaint contains allegations of desertion, also of cruelty. Pom. Code Rem., 519, says: "Every action is based upon some primary right held by the plaintiff, and upon a duty resting upon the defendant corresponding to such right. By means of a wrongful act or omission of the defendant, this primary right and this duty are invaded and broken; and there immediately arises from the breach a new remedial right of the plaintiff and a new remedial duty of the defendant. Finally, such remedial right and duty are consummated and satisfied by the remedy which is obtained through means of the action and which is its object. * * * The 'cause of action,' therefore, must always consist of two factors: (1) the plaintiff's primary right and the defendant's corresponding primary duty, whatever be the subject to which they relate, person, character, property or contract; and (2) the delict or wrongful act or omission of the defendant, by which the primary right and duty have been violated. Every action, when

analyzed, will be found to contain these two separate and distinct elements, and in combination they constitute the 'cause of action.'" See, also, *Hayes* v. *Clinkscales*, 9 S. C., 453; *Rodgers* v. *Mutual Endowment Association*, 17 S. C., 406. The plaintiff's primary right was to receive such treatment as the law enjoins upon a husband towards his wife. The primary duty of the defendant was to extend to her the treatment which the law requires a husband to extend to—show towards—his wife. The delict on the part of the defendant consisted in his failing to perform such duty, and the remedy which the law provided for his failure in this respect was to allow the wife alimony. The desertion and cruelty on the part of the defendant were *elements* of the delict, but the acts of desertion and cruelty alleged in the complaint constitute but a single delict. *Sheppard* v. *Green*, 48 S. C., 165; *Threatt* v. *Brewer Mining Co.*, 49 S. C., 95. The exceptions raising the second question are also overruled.

Having reached the conclusion that the complaint states only one cause of action, it necessarily follows that the Circuit Judge was not in error in refusing to require the plaintiff to state two causes of action separately.

It is the judgement of this Court, that the order of the Circuit Court be affirmed.