7849

AMERICAN TYPE FOUNDERS CO. v. THE GREENWOOD PRINTING CO.

1. COPARTNERSHIP—EVIDENCE.—The mere fact that one agrees to receive for the rent or hire of property a part of the net profits of the business in which the property is employed, where the contract does not contemplate the exercise by the party of control in the conduct of the business or interest in the profits as a joint owner, is not conclusive proof of ownership.

2. APPEAL.—A finding by the Circuit Court on an issue of ·fact on appeal from magistrate court is conclusive on appeal to this Court.

Before WILSON, J., Greenwood, Fall term, 1910. Affirmed.

Action by American Type Founders against The Greenwood Printing Company, in court of Magistrate W. H. Kerr. From Circuit order, affirming magistrate's judgment, plaintiff appeals.

*Messrs. Giles & Outzs,* for appellant, cite: *Proof necessary to establish partnership as to creditors:* 9 Ency. Ev. 553; 83 Am. Dec. 61; 75 Am. Dec. 182; 75 S. C. 110; 68 S. C. 9, 198; 84 S. C. 448.

*Mr. D. H. Magill,* contra, cites: *There can be no partnership unless the parties agree to go into the undertaking and to share in the profits and loss:* 72 S. C. 424; 11 L. R. A. (N. S.) 136; 22 Ency. 28, 36; 3 Rich. L. 37; 75 S. C. 109;

45 Mich. 188; 88 Mo. 594; 54 Mo. 325; 9 C. B. (N. S.) 47. *Defendant is not estopped from denying partnership:* 1 Bates on Part., sec 90; 22 Ency. 58; 11 L. R. A. (N. S.) 136.

April 3, 1911.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   In this action on an account for printers' supplies, the sole issue made on trial before the magistrate, and on appeal to the Circuit Court, was whether F. M. Allen was a copartner with E. R. Britton, under the firm name of Greenwood Printing Company.   The only direct evidence of Allen's relation to the business of the Greenwood Printing Company is that of Allen himself, who testified that he turned over to Britton a printing outfit owned by him, to be used in a printing business; that Britton was to have entire control and management, Allen having no power of supervision or control; and that, as compensation for the use of the outfit, Allen was to receive one-third of the net profits made by Britton.   There was evidence on the part of the plaintiff that Allen had represented to one of the plaintiff's salesmen that he was responsible for the debts contracted, but this was denied by Allen. Allen's name was printed on the letterheads of the Greenwood Printing Company, but he testified that he had it taken off the day after making the discovery that it was there.

The mere fact that one agrees to receive compensation for labor, or for the rent or hire of property, to be measured by the net profits of the business in which the labor or property is to be employed, where the contract does not contemplate the exercise by the party of control in the conduct of the business, or interest in the profits as a joint owner thereof, is not conclusive proof of a partnership. *Spool Cotton Co.* v. *King,* 68 S. C. 196, 46 S. E. 1005; *Providence M. Co.* v. *Browning,* 72 S. C.

424, 52 S. E. 117; *Price* v. *Middleton,* 75 S. C. 105, 55 S. E. 156. The evidence made the question whether Allen was a partner in the firm known as The Greenwood Printing Company, an issue of fact on which the finding of the Circuit Court is conclusive.

. It is the judgment of this Court that the judgment of the Circuit Court be affirmed.