534 P.2d 439

Justin C. LARSEN, also known as Jess C. Larsen, and Oreva Larsen, husband and wife, Appellants.

v.

S. Linton CLARIDGE and Lenora Claridge, husband and wife, Appellees.

No. 2 CA–CIV 1703.

Court of Appeals of Arizona, Division 2.

April 22, 1975.

Anderson, Welker & Williams, by Dudley S. Welker, Safford, for appellants.

Hughes & Hughes, P. C., by Coit I. Hughes, Phoenix, for appellees.

## OPINION

HATHAWAY, Judge.

Appellant and appellees were partners in a farming operation from 1962 until the end of 1967. Appellees provided a net capital contribution of $141,940, plus the use of the land and living quarters for the appellants. Appellants agreed to provide their services for the farming operation and the partners agreed to share in profits and losses equally. We have considered

the four points of error raised by appellants and find no merit in any of them. We therefore affirm.

■ Appellants find fault with the trial court for awarding appellees a full return of their capital contribution whereas no allowance was given to appellants for their contribution of labor. A.R.S. § 29–218 states:

"1. Each partner shall be repaid his contributions, whether by way of capital or advances to the partnership property . . . ..

\* \* \* \* \* \*

4. A partner shall receive interest on the capital contributed by him only from the date when repayment should be made.

\* \* \* \* \* \*

6. No partner is entitled to remuneration for acting in the partnership business, . . ."

Appellants urge that they had an agreement with appellees that by providing the labor for the farming operation, their efforts would match the capital contributed by appellees. Appellants maintain that the $141,940 in capital contributed by appellees should now be considered just an asset of the partnership to be divided equally upon dissolution. We disagree. The record does not show that there was an agreement between appellants and appellees which would equate the labor as provided by appellants in monetary value with the actual capital contributed by appellees. Without such an agreement, we cannot say their labor was meant to provide an equal one-half contribution to the partnership venture. Cases cited by appellants deal with specific partnership agreements. See Busick v. Stoetzl, 264 Cal.App.2d 736, 70 Cal. Rptr. 581 (1968); Vangel v. Vangel, 116 Cal.App.2d 615, 254 P.2d 919 (1953); Kirkpatrick v. Christensen, 68 Ariz. 364, 206 P.2d 577 (1949).

■ There is conflicting evidence as to what the original partnership arrangement was to be. Where there is such a conflict, we look at the evidence in the light most favorable to sustaining the judgment. We will not substitute our opinion for that of the trial court when the evidence is in conflict. Carrasco v. Carrasco, 4 Ariz.App. 580, 422 P.2d 411 (1967); Rossi v. Stewart, 90 Ariz. 207, 367 P.2d 242 (1961).

Appellants challenge three findings of fact by the trial court as not being supported by the evidence:

1. The fact that the net value of the assets of the partnership on December 31, 1967, was $152,085.00 and assets taken by appellants were $127,174.00;

2. The fact that appellants' records were not supported by adequate vouchers to produce an actual accounting;

3. The fact that appellees were entitled to receive judgment against appellants in the sum of $137,012.65.

■ First, as to the matter of appellants' records not being supported by adequate vouchers, we agree with the trial court that the cancelled checks are not vouchers such as to support the accounting given by appellants. Black's Law Dictionary, Revised Fourth Edition, defines voucher as: ". . . a written or printed instrument in the nature of a bill of particulars, accounts, receipts or acquittance, that shows on its face the facts, authority, and purpose of disbursement." The cancelled checks involved in this litigation do not meet that definition of voucher and we therefore find nothing wrong with the trial court's finding.

As to the other challenged findings, appellants have not sustained their burden of showing they are clearly erroneous. There was evidence that the physical assets of the partnership at the date of dissolution had a value of $137,174; that drawings of the appellants during the existence of the partnership totalled $96,220, and therefore the total assets of the partnership were valued at $233,394. There was a discrepancy over the valuation of the herd of hogs in question, with the difference between appellants' valuation and that of the appellees of some $60,000. However, the figure

used, $90,000, was supported by the testimony of Mr. Brooks. In addition, only ten weeks after dissolution, appellants valued their one-half of the herd at over $50,000, thereby lending credence to the higher valuation.

Indebtedness of the partnership as established at trial was $81,309.00 and the net worth of the partnership was, therefore, $152,085.00. The capital contribution of the appellees which was returned to them from the partnership assets was in the sum of $141,940, leaving for distribution a total of $10,145. One-half of that sum was awarded to each partner in the dissolution action in the amount of $5,072.-50. Therefore, appellees were entitled to a judgment in the trial court in the amount of the contribution plus their one-half interest of the net amount available for distribution, less the value of equipment and improvements which were left on their farm. Therefore, the judgment in the sum of $137,012.50 was reasonably supported by the evidence.

Affirmed.

HOWARD, C. J., and KRUCKER, J., concur.