. 485 S.E.2d 97

**Charles E. CORLEY, III, Respondent,**

v.

**Fred E. OTT, Appellant.**

No. 24604.

Supreme Court of South Carolina.

Heard Feb. 18, 1997.
Decided April 21, 1997.
Rehearing Denied May 28, 1997.

Mary Connell Elam, Columbia, for appellant.

Thornwell F. Sowell, of Sowell, Todd, Laffitte, Beard & Watson, Columbia, for respondent.

MOORE, Justice.

This is an appeal of a final accounting between partners and an award of judgment for breach of a fiduciary duty. We affirm.

## FACTS

Appellant Ott held an option to purchase a tract of land known as Lakewood Estates. Without disclosing his option, Ott approached respondent Corley about providing the capital to purchase the land and "making some money on it." Corley agreed. On March 30, 1979, Ott signed a contract to individually purchase Lakewood Estates including 128 lots, a 34.68 acre lot called the "pond tract," and a water plant, for a purchase price of $171,200. Ott had the property transferred to a third party as trustee in order to conceal this purchase from Corley. That same day, the trustee contracted to convey the property to Ott and Corley "trading as Lakewood Associates of South Carolina, a general partnership." The purchase price was $198,200 for the same property conveyed earlier that day to Ott but without the 34.68 acre pond tract.

Both contracts called for annual installment payments on the same day. Each time an installment was paid by the Ott and Corley partnership, Ott received from the trustee the difference between the amount due on his contract and the amount due on the partnership contract. Ott received a total of $27,000 under this arrangement. He also received the 34.68

acre pond tract which was valued at $41,000 at the time of its conveyance to him.

The parties memorialized their partnership in a written partnership agreement dated September 28, 1979. In 1990, Corley commenced this action for dissolution of the partnership. Sometime during litigation, Corley discovered Ott's purchase contract and amended his complaint to allege a breach of fiduciary duty.

## ISSUES

1. Should Ott's time and labor be credited as capital contributions?
2. Does the evidence support the trial judge's finding that Ott breached his fiduciary duty?

## DISCUSSION

### 1. Capital contributions

■ Upon dissolution of a partnership, the liabilities of the partnership rank in order of payment as follows: third-party debts, debts to partners, return of capital to partners, profits to partners. S.C.Code Ann. § 33–41–1060(2) (Supp.1996). Ott contends his contributions of time and labor in improving Lakewood Estates should be credited to him as capital contributions.

S.C.Code Ann. § 33–41–510(6) (1990) provides that no partner is entitled to remuneration for acting in the partnership business. Applying this provision of the Uniform Partnership Act, other courts have held that in the absence of an agreement to the contrary, a partner's services are not considered capital contributions upon dissolution. *See, e.g., Schymanski v. Conventz,* 674 P.2d 281 (Alaska 1983); *Larsen v. Claridge,* 23 Ariz.App. 508, 534 P.2d 439 (1975). We adopt this same rule. In this case, there is no evidence of any agreement between the partners that Ott's services should be credited as capital contributions. Accordingly, the trial judge properly refused to credit them as such.

### 2. Breach of fiduciary duty

■ The trial judge found Ott breached his fiduciary duty to Corley by failing to disclose to Corley that he, Ott, had

individually purchased Lakewood Estates, including the pond tract, for $27,000 less than the partnership paid on the same day for the same property minus the pond tract. The trial judge found Corley, who provided the capital for the purchase, was damaged in the amount of $27,000, the difference in the purchase price, plus $41,000, the value of the pond tract, for a total of $68,000.

Ott contends he breached no fiduciary duty on March 30, 1979, the date of the purchase contract, because the partnership did not yet exist as evidenced by the written partnership agreement signed September 28, 1979. We disagree.

■ A partnership may be found to exist by implication from the parties' conduct. *Stephens v. Stephens,* 213 S.C. 525, 50 S.E.2d 577 (1948); *see also Wyman v. Davis,* 223 S.C. 172, 74 S.E.2d 694 (1953) (a partnership agreement may be implied and without express intention). On March 30, 1979, Corley and Ott entered into the purchase agreement as "Lakewood Associates of South Carolina, a general partnership." This evidence indicates the partnership was formed, at the latest, concurrently with that transaction on March 30.

Further, under S.C.Code Ann. § 33-41-540 (1990), a partner must account to the partnership for any benefit from any transaction connected with the formation of the partnership. In this case, Ott's prior undisclosed purchase of the property was intimately connected with the formation of the partnership and purchase of the property on March 30. Accordingly, this evidence supports the trial judge's finding that Ott breached his fiduciary duty as a partner.[1]

Ott's remaining arguments are without merit and are affirmed pursuant to Rule 220(b), SCACR.

AFFIRMED.

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.

---

1. When legal and equitable actions are maintained in one suit, each retains its own identity as legal or equitable for purposes of the applicable standard of review on appeal. *Future Group v. Nationsbank,* 324 S.C. 89, 478 S.E.2d 45 (1996). An action for breach of fiduciary duty is an action at law and the trial judge's findings of fact will be upheld unless without evidentiary support. *Id.*