THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Robert E. Hill,       
Appellant,
 
 
 

v.

 
 
 
Virginia C. Harbert,       
Respondent.
 
 
 

Appeal From Greenville County
John W. Kittredge, Circuit Court Judge

Unpublished Opinion No. 2005-UP-283
Submitted March 1, 2005  Filed April 20, 2005

AFFIRMED

 
 
 
Michael Stephen Chambers, of Greenville, for Appellant.  
Lynn Reames Hudson and Melvin R. Hutson, both of Greenville, for Respondent.
 
 
 

PER CURIAM:  Robert E. Hill appeals the trial courts dissolution of his partnership with Virginia C. Harbert and the apportionment of partnership proceeds.  We affirm.[1]
FACTS
In 1998, Hill and Harbert formed a partnership to purchase residential homes at foreclosure sales, renovate them, and sell them for profit.  Under their oral partnership agreement, Hill was to locate the houses and oversee their remodeling and renovation.  Harbert was to arrange for or provide the financing.  
In practice, however, the partnership quickly developed into a one-person operation with Harbert handling many of Hills assigned responsibilities.  Harbert incurred the expense of hiring an employee to supervise renovations.  Additionally, Harbert became concerned Hill was using partnership assets for his personal business.  
Due to Hills actions, Harbert fired him in August 2000.  Hill retained tools and a pick-up truck purchased for use in partnership ventures.  Harbert continued to make payments on the truck, but Hill abandoned it in Tennessee with extensive damage to the exterior and electrical system.  
In an effort to wind up the partnership, Harbert incurred additional expenses to repair the vehicle so it could be sold.  Harbert also completed renovations and sold three homes owned by the partnership.  
Hill sued Harbert in 2001 seeking judicial dissolution of the partnership and an accounting of partnership assets.  Hill also alleged breach of fiduciary duty and unjust enrichment.  
 The trial court held a bifurcated trial, found a partnership existed, ordered the partnership dissolved, and granted judgment for Harbert in the amount of $10,255.  
STANDARD OF REVIEW
A case with legal and equitable issues presents a divided scope of review.  Kuznik v. Bees Ferry Assocs., 342 S.C. 579, 589, 538 S.E.2d 15, 20 (Ct. App. 2000).  When legal and equitable actions are maintained in one suit, each retains its own identity as legal or equitable for purposes of the applicable standard of review on appeal.  Corley v. Ott, 326 S.C. 89, 92, 485 S.E.2d 97, 99 (1997). 
An action for damages arising from breach of fiduciary duty is at law, but the suit must sound in equity if equitable relief is sought.  Bivens v. Watkins, 313 S.C. 228, 230, 437 S.E.2d 132, 133 (Ct. App. 1993).  In an action at law, the trial judges findings of fact will be upheld unless without evidentiary support.  Corley, 326 S.C. at 92, 485 S.E.2d at 99.
An action for an accounting of a partnership is equitable.  Townes Assocs. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).  On appeal, the appellate court may find facts in accordance with its own view of the preponderance of the evidence.  Id.
LAW/ANALYSIS
I.  Fiduciary Duty
Hill asserts the trial court erred in finding Harbert did not breach her fiduciary duties.  Hill specifically complains that Harberts management of the partnership assets and bookkeeping constituted a breach.  We disagree.
A partnership imposes a fiduciary relationship upon individuals who are obligated to refrain from taking advantage of one another by even the slightest misrepresentation or concealment.  Lawson v. Rogers, 312 S.C. 492, 498-99, 435 S.E.2d 853, 857 (1993).  A fiduciary relationship imposes mutual duties of loyalty, good faith, and fair dealing.  Id. 
Parties in a fiduciary relationship must fully disclose to each other all known information that is significant and material, and when this duty to disclose is triggered, silence may constitute fraud.  Ellie v. Miccichi, 358 S.C. 78, 100, 594 S.E.2d 485, 497 (Ct. App. 2004) (quoting Anthony v. Padmar, Inc., 320 S.C. 436, 449, 465 S.E.2d 745, 752 (Ct. App. 1995)).
The behavior of a partner is not governed by marketplace principles or with an eye to personal advantage, but to universally recognized obligations of loyalty, good faith, and fair dealing between partners.  See Few v. Few, 239 S.C. 321, 336, 122 S.E.2d 829, 836 (1961); Moore v. Moore, 360 S.C. 241, 251, 599 S.E.2d 467, 472 (Ct. App. 2004); see also 59A Am. Jur. 2d Partnership § 420 (1987).
A partnership may be dissolved, but those fiduciary duties continue to exist during the winding up period when the partnership affairs are completed.  S.C. Code Ann. § 33-41-920 (Supp. 2004).  If a partnership agreement does not stipulate an ending date, then the partnership is an agreement at will, subject to dissolution by the act of one or more partners.  McPherson v. J.E. Sirrine & Co., 206 S.C. 183, 208, 33 S.E.2d 501, 511 (1945); see also 59A Am. Jur. 2d Partnership § 819 (1987).
Hill offered no evidence to demonstrate Harbert denied him access to partnership accounts or records or prohibited him from participating in the management of the business.  To the contrary, Hill admitted on cross-examination that he had access to the partnership books.  The record reveals the partnership began with the parties collaborating to share responsibilities and declined to the point that Hill became an inactive member who caused conflict with members of the work crew when he did choose to participate.  
Harbert acted within her rights as a partner to terminate the partnership.  Harbert also acted properly to begin the process of winding up the partnership affairs by renovating and selling the partnerships remaining assets.  
II.  Partnership Funds
Hill argues the trial court erred by finding he failed to establish the amount of partnership funds Harbert allegedly spent without authority.  We disagree.
Hill alleges Harbert spent partnership funds on renovating two properties that were not owned by the partnership.  Hill acknowledged Harbert maintained meticulous accounting records.  Hill was unable to demonstrate that either of the two properties was renovated with partnership funds.  A plaintiff has the burden of proof on allegations raised in his pleadings.  See Smith v. Smith, 50 S.C. 54, 65, 27 S.E. 545, 550-51 (1897) (finding moving party in an equity action has burden of proving he was aggrieved and party must provide more than mere allegations in the pleadings).  Hill failed to provide any evidence that Harbert spent partnership funds on non-partnership properties.
We therefore affirm the trial court in its determination that Hill failed to prove the amount of partnership funds, if any, spent by Harbert in an allegedly unauthorized manner.
III.  Apportionment
Hill asserts the trial court erroneously apportioned the parties assets and liabilities based on the parties respective conduct as well as their relative contributions to the business.  We disagree.
On dissolution of a partnership, each partner has an equal right to possession of partnership property and assets, as they are joint property of the partners.  59A Am. Jur. 2d Partnership § 894 (1987).
We note the parties stipulated the trial court could apportion partnership property in an equitable manner, a manner that necessitates weighing the behavior and actions of the parties.  We are mindful of the deference we give to the trial court who was in a better position to evaluate the credibility of the parties and their witnesses.  See Townes Assocs., 266 S.C. at 86, 221 S.E.2d at 775.  Moreover, our own review of the record indicates the trial court had ample evidence to support its conclusion that Hill owed Harbert $10,225 in partnership proceeds.  
Hill maintained exclusive possession of several partnership assets including tools and a company truck.  Hill violated his duty to the partnership by abandoning the truck in another state in such a deteriorated condition that it had to undergo extensive repairs before it could be sold.  As the trial court correctly noted:  What [Hill] ignores is the obligation to use partnership property in good faith and in furtherance of the partnership business.  
Accordingly, we conclude the trial court did not err in its apportionment of partnership assets and liabilities.  
AFFIRMED.
GOOLSBY, HUFF, and STILWELL, JJ., concur.

[1]        We decide this case without oral argument pursuant to Rule 215, SCACR.