THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Issac Wright, Respondent,
 
 
 

v.

 
 
 
 Stevie
 Cartledge, Appellant.
 
 
 

Appeal From Allendale County
Walter H. Sanders, Jr., Special Referee

Unpublished Opinion No. 2011-UP-470
 Heard October 6, 2011  Filed October 26,
2011    

AFFIRMED

 
 
 
 Michael C. Tanner, of Bamberg, for Appellant.
 James D. Mosteller, III, of Barnwell, for Respondent.
 
 
 

PER CURIAM:  In this bifurcated action for an
 accounting, breach of fiduciary duty, and dissolution of a partnership, Appellant
 Stevie Cartledge argues the special referee erred in finding a partnership
 existed between the parties.  We affirm pursuant to Rule 220(b)(1), SCACR, and
 the following authorities:  Verenes v. Alvanos, 387 S.C. 11, 16, 690
 S.E.2d 771, 773 (2010) ("Characterization of an action as equitable or
 legal depends on the appellant's main purpose in bringing the action.")
 (internal quotations omitted); Lewis v. Lewis, 392 S.C. 381, 386, 709
 S.E.2d 650, 654-55 (2011) (providing we will affirm the decision of the trial
 court in an equity case unless its decision is controlled by some error of law
 or the appellant satisfies this court that the preponderance of the evidence is
 against the factual findings of the trial court); Historic Charleston
 Holdings, LLC v. Mallon, 381 S.C. 417, 427, 673 S.E.2d 448, 453 (2009)
 ("An action for an accounting sounds in equity."); Tiger, Inc. v.
 Fisher Agro, Inc., 301 S.C. 229, 237, 391 S.E.2d 538, 543 (1990) (holding
 an action seeking dissolution of a partnership is one in equity); Bivens v.
 Watkins, 313 S.C. 228, 230 n.3, 437 S.E.2d 132, 133 n.3 (Ct. App. 1993)
 (providing an action for breach of fiduciary duty may also sound in equity if
 the relief sought is equitable);S.C. Code Ann. § 33-41-210 (2006) (defining a "partnership"
 as "an association of two or more persons to carry on as co-owners a
 business for profit . . . ."); Corley v. Ott, 326 S.C. 89, 92, 485
 S.E.2d 97, 99 (1997) (holding a partnership may be found to exist by
 implication from the conduct of the parties); Moore v. Moore, 360 S.C.
 241, 260, 599 S.E.2d 467, 477 (Ct. App. 2004) (holding one of the most
 important tests regarding the existence of a partnership is the intention of the
 parties); id. (holding factors to consider when determining whether a
 partnership exists include:  (1) the sharing of profits and losses; (2) the community
 of interest in capital or property; and (3) the community of interest in
 control and management).  We find no error of law and we find the factual
 findings of the court to be supported by the record.[1]  
AFFIRMED.
HUFF, PIEPER
 and LOCKEMY, JJ., concur.

[1] Although the primary character of this action is
 equitable, we alternatively find that under a legal standard of review our
 conclusion would not change.  We make this alternative finding as we
 acknowledge some jurisprudence relating solely to the question of a partnership
 suggesting a legal standard of review.  See Dulany & Co. v.
 Elford & Dargan, 22 S.C. 304, 308 (1885) (holding what constitutes a
 partnership is a question of law);  Am. Type Founders Co. v. Greenwood
 Printing Co., 88 S.C. 308, __, 70 S.E. 803, 804 (1911) (stating the circuit
 court's factual finding on question of partnership conclusive on appeal); Beck
 v. Clarkson, 300 S.C. 293, 301, 387 S.E.2d 681, 686 (Ct. App. 1989) (finding
 sufficient evidence existed to submit the question of the existence of a
 partnership to the jury); Hofer v. St. Clair, 298 S.C. 503, 508-09, 381
 S.E.2d 736, 739 (1989) (utilizing a contract standard of review and stating
 that lower court's factual findings on the existence of a partnership were supported
 by the record).